# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-795V
Filed: May 7, 2025

| | |
|---|---|
| * * * * * * * * * * * * * <br> STEPHANIE HETRICK and <br> JONATHAN HETRICK, *on behalf of* <br> *J.H., a minor child*, <br><br> Petitioners, <br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * * | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*Anne Toale, Esq.*, Mctlaw, Sarasota, FL, for petitioner.
*Camille Collett, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 30, 2019, Stephanie and Jonathan Hetrick ("petitioners") filed a petition on behalf of their son, J.H., pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*[2] ("Vaccine Act" or "the Program"). Petitioners allege that the measles, mumps, rubella, and varicella ("MMRV") and/or diphtheria-tetanus-acellular pertussis ("DTap") vaccines J.H. received on May 29, 2018 caused him to suffer a Table encephalopathy, or alternatively, an off-Table injury of Febrile Infection-Related Epilepsy Syndrome ("FIRES"). Petition, ECF No. 1. Petitioners now seek an award of interim attorneys' fees and costs.

### I.      Procedural History

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

The petition was filed on May 30, 2019, and the matter was assigned to the Special Processing Unit ("SPU"). ECF Nos. 1, 4. Petitioners filed medical records on June 14, 2019; June 27, 2019; and July 1, 2019, along with a statement of completion. Petitioners' Exhibits ("Pet. Ex.") 1-12, ECF Nos. 7-8; Pet. Ex. 13, ECF No. 12; Pet. Ex. 14, ECF Nos. 13-14. Petitioner filed additional medical records on January 9, 2020. Pet. Ex. 15-16, ECF No. 22.

Respondent filed a status report advising that he intended to defend the case, and he filed his Rule 4(c) Report on January 21, 2020, recommending against compensation. ECF Nos. 18, 23.

The case was then reassigned to me on January 24, 2020, and the parties began exchanging expert reports. ECF Nos. 24-25. Petitioner filed three reports from Dr. John Gaitanis, and respondent filed two reports from Dr. Michael Kruer. Pet. Ex. 19-40, ECF Nos. 37-40; Pet. Ex. 41-48, ECF No. 46; Pet. Ex. 51-64, ECF No. 56; Respondent's Exhibit ("Resp. Ex.") A-B, ECF No. 44; Resp. Ex. C, ECF No. 51. Petitioner also continued filing medical records during this time. Pet. Ex. 17-18, ECF No. 32; Pet. Ex. 49, ECF No. 52; Pet. Ex. 50, ECF No. 53.

A Rule 5 conference was held on May 12, 2022, during which the facts of the case and the expert reports filed at that time were discussed in detail. The parties agreed that the matter would proceed on a dual track toward settlement resolution and an entitlement hearing. Respondent was given time to confer with his client regarding the potential for settlement. ECF No. 57.

On August 16, 2022, respondent filed a status report advising that he would not engage in settlement negotiations and wished to continue defending the case. ECF No. 61. The parties then resumed filing expert reports, with respondent filing three reports from Dr. Hayley Gan and petitioner filing an additional report from Dr. Gaitanis as well as a report from Dr. Michael Keller. Resp Ex. D-E, ECF Nos. 65, 67-68; Resp. Ex. F, ECF No. 77; Resp. Ex. G, ECF Nos. 78-82; Pet. Ex. 70-76, ECF No. 71; Pet. Ex. 77-97, ECF No. 72.

An entitlement hearing was scheduled for January 30 and 31, 2024, and the record was closed for purposes of the entitlement hearing on November 14, 2023, with the exception of updated medical records. Non-PDF Order, issued Nov. 14, 2023.

The parties filed their respective pre-hearing submissions, and a two-day entitlement hearing was held on January 30 and 31, 2024. Thereafter, respondent filed additional medical literature that was discussed at hearing. Resp. Ex. D, Tab 14-15, ECF No. 120; Resp. Trial Ex. A, ECF No. 121. After the parties reviewed the hearing transcript, petitioners filed a supplemental expert report from Dr. Keller and respondent filed a supplemental expert report from Dr. Gans. Pet. Ex. 112, ECF No. 124; Resp. Ex. I, ECF No. 128.

On May 21, 2024, the parties filed a joint status report confirming that the record was complete. ECF No. 129. The record was formally closed for purposes of ruling on entitlement on May 22, 2024. ECF No. 130.

On June 12, 2024, petitioners filed a Motion for Interim Attorneys' Fees and Costs. Motion for Interim Fees, ECF No. 131. Petitioners request a total of **$540,588.54,** representing $440,325.64 in attorneys' fees and $100,262.90 in costs. Motion for Interim Fees at 1-2.

2

Respondent filed a response on June 26, 2024, deferring to the undersigned to determine whether the statutory requirements and legal standard for an award of interim attorneys' fees and costs were met. Response, ECF No. 132. Petitioners filed a reply on June 27, 2024, elaborating on the costs requested for an expert witness search service and requesting the fees and costs made in their original Motion. Reply, ECF No. 133.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

### A. Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making

3

this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has now been pending for over five years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Petitioners have expended significant time and costs in litigating this matter thus far, and while an entitlement hearing took place this year, a decision still requires additional time to complete. Accordingly, the circumstances of this case warrant an award of interim fees and costs so as not to impose economic hardship on petitioners.

**B.      Reasonable Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorney's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioners request the following hourly rates for the work performed by their attorney, Ms. Anne Toale: $420 for work performed in 2019; $445 for work performed in 2020; $475 for work performed in 2021; $500 for work performed in 2022; $535 for work performed in 2023; and $570 for work performed in 2024. Petitioners also request hourly rates of $525 for work performed in 2023 and $560 for work performed in 2024 by Ms. Diana Stadelnikas, as well as fees for several other attorneys and paralegals at Mctlaw who worked on the matter. Pet. Ex. 113 at 46-47.

---

[3] The 2015-2025 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

4

The rates requested are consistent with what Ms. Toale, Ms. Stadelnikas, and their colleagues have previously been awarded for their Vaccine Program work, and I find the rates requested to be reasonable. *See Englert v. Sec'y of Health & Human Servs.*, No. 23-0798V, 2025 WL 573758 (Fed. Cl. Spec. Mstr. Jan. 8, 2025); *Ferrari v. Sec'y of Health & Human Servs.*, No. 19-93V, 2024 WL 4503644 (Fed. Cl. Spec. Mstr. Aug. 22, 2024).

Accordingly, the hourly rates are awarded as requested above.

**C.    Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The undersigned has reviewed the billing entries and finds that, generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. However, although this case has been litigated extensively, the request for attorneys' fees appears high in the undersigned's experience. This appears to be due in part to the unusually high number of attorneys who participated in the case. Seven different attorneys participated in this case at various stages, and "Special Masters have previously disfavored having multiple attorneys working on the same case and have reduced fees accordingly. *See, e.g.*, *Austin ex rel. Austin v. Sec'y of Health & Human Servs.*, No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013); *Soto ex rel. Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); *Carcamo v. Sec'y of Health & Human Servs.*, No. 07-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011))." *Bartoszek v.*

*Sec'y of Health & Human Servs.*, No. 17-1254V, 2024 WL 5200113 at *2 (Fed. Cl. Spec. Mstr. Nov. 26, 2024) (reducing the attorneys' fees requested by Mctlaw when eight different attorneys participated in one case).

Accordingly, the undersigned finds that a 5% reduction is appropriate. Petitioners are therefore awarded interim attorneys' fees of **$418,309.36**.[4]

### D.   Reasonable Costs

Petitioners request a total of **$100,262.90** in costs. Motion for Interim Fees at 1. The requested costs consist of postage, securing medical records, travel costs, and payment for two experts, Dr. John Gaitanis and Dr. Michael Keller. Pet. Ex. 114.

#### 1.   Dr. John Gaitanis

Petitioners request a total of $59,454.51 for the work of pediatric neurologist Dr. Gaitanis. Pet. Ex. 114 at 41-42, 45, 55, 85-86, 110. Dr. Gaitanis provided four expert reports and testified at the entitlement hearing. He billed at a rate of $400 per hour for his work performed in 2020, 2021, and 2022; $500 per hour for work in 2023; and $550 per hour for work in 2024. *Id.*

Although Dr. Gaitanis has been paid for work in the Program previously[5], his hourly rate has not been specifically addressed. Dr. Gaitanis's requested rates are generally aligned with those awarded to other pediatric neurologists who routinely appear in the Program. *See Zamora v. Sec'y of Health & Human Servs.*, No. 19-1718V, 2025 WL 1011103 (Fed. Cl. Spec. Mstr. Feb. 25, 2025) (awarding pediatric neurologist Dr. Kinsbourne an hourly rate of $500.00); *Canady v. Sec'y of Health & Human Servs.*, No. 18-1624V, 2025 WL 863084 (Fed. Cl. Spec. Mstr. Feb. 21, 2025) (awarding pediatric neurologist Dr. Nelson an hourly rate of $500.00); *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) (awarding pediatric neurologist Dr. Shafrir an hourly rate of $450.00); *Switzer v. Sec'y of Health & Human Servs.*, No. 18-1418V, 2022 WL 774712 (Fed. Cl. Spec. Mstr. Jan. 25, 2022) (awarding Dr. Shoenfeld an hourly rate of $500.00). Therefore, I find Dr. Gaitanis's rates of $400 for 2020 through 2022 and $500 for 2023 reasonable and award them as requested. However, petitioners have not provided sufficient, specific justification for his increased rate of $550 per hour in 2024. Accordingly, Dr. Gaitanis's 2024 rate will be reduced to $500 per hour, resulting in a reduction of **$3,250.00**.[6]

Dr. Gaitanis provided detailed records of his time, and the hours expended are generally reasonable. Therefore, Dr. Gaitanis is awarded **$56,204.51.**[7]

#### 2.   Dr. Michael Keller

---

[4] $440,325.64 x 5% = $22,016.28.
[5] *See Rich v. Sec'y of Health & Human Servs.*, No. 18-353V, 2021 WL 2767697 (Fed. Cl. Spec. Mstr. May 27, 2021).
[6] Dr. Gaitanis billed 65 hours at a rate of $550 per hour in 2024, for a total of $35,750.00. Pet. Ex. 114 at 85-86. 65 hours x $500 per hour = $32,500.00.
[7] $59,454.51 - $3,250.00 = $56,204.51.

Petitioners request a total of $22,989.90[8] for the work of immunologist Dr. Michael Keller. Pet. Ex. 114 at 80, 119. Dr. Keller provided two reports and testified at the entitlement hearing, billing at a rate of $700 per hour. *Id*.

Because this is Dr. Keller's first case in the Vaccine Program, his hourly rate has not been addressed. Dr. Keller is an attending physician in allergy and immunology at Children's National Hospital in Washington, DC, and is the Director of the Translational Research Lab, Program for Cellular Enhancement and Technologies, Center for Cancer and Immunotherapy. Expert Rates Memo, ECF No. 131-2 at 8-9; Pet. Ex. 70. He is board-certified in Pediatrics and Allergy & Immunology and is an Associate Professor of Pediatrics at the George Washington School of Medicine. Pet. Ex. 70.

Dr. Keller's requested hourly rate is higher than the rates typically awarded to immunologists in the Program. *See Santiago v. Sec'y of Health & Human Servs.*, No. 21-1562V, 2024 WL 5321763 (Fed. Cl. Spec. Mstr. Dec. 18, 2024), *reconsideration denied*, No. 21-1562V, 2025 WL 442546 (Fed. Cl. Jan. 13, 2025) (awarding immunologist Dr. Akbari $500 per hour); *Leidner v. Sec'y of Health & Human Servs.*, No. 19-1320V, 2024 WL 5379170 (Fed. Cl. Dec. 12, 2024) (awarding immunologist Dr. Phillips $550 per hour); *Jinkerson v. Sec'y of Health & Human Servs.*, No. 18-1355V, 2024 WL 3760329 (Fed. Cl. Spec. Mstr. July 11, 2024) (awarding immunologist Dr. Axelrod $400 per hour). However, while the undersigned will not address the hourly rate requested by Dr. Keller, due to the content of this case and the importance of Dr. Keller's reports before and after the hearing along with his testimony, I find the total requested amount of $22,989.90 to be reasonable and award it in full.[9]

### 3. Total Reasonable Costs

The undersigned has reviewed all the other requested costs, including the costs for travel associated with the entitlement hearing which was properly billed at half time. These costs are reasonable and supported with adequate documentation and are therefore awarded. Accordingly, petitioners are awarded a total of **$87,212.90**.[10]

### IV. Conclusion

Based on the foregoing, petitioners' Motion for Interim Attorneys' Fees and Costs is **GRANTED, in part.** Accordingly, I award **$505,522.26,** representing $418,309.36 in attorneys' fees and $87,212.90 in costs, **to be paid through an ACH deposit to petitioners' counsel Anne Toale's IOLTA account for prompt disbursement.** The clerk shall enter judgment accordingly.[11]

---

[8] Petitioners' ledger of costs includes three payments to Dr. Keller: for $9,800.00; for $2,450.00; and for $20,539.80. Pet. Ex. 114 at 1-4. Petitioners' Exhibit 114 includes an invoice for the $2,450.00 charge (Pet. Ex. 114 at 80) and for the $20,539.80 charge (Pet. Ex. 114 at 119), but no invoice for the $9,800.00 charge. The $9,800.00 cannot be evaluated for reasonableness without an invoice and therefore will not be addressed in this decision. Petitioners may resubmit this cost with supporting documentation in a future fees motion, and it will be addressed at that time.

[9] The undersigned does not make any finding regarding the reasonableness of Dr. Keller's rate at this time.

[10] $100,262.90 - $3,250.00 (reduction for Dr. Gaitanis) - $9,800.00 (costs for Dr. Keller unsupported by an invoice) = $87,212.90.

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

right to seek review.